UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER FIELDS**, individually,
and on behalf of others similarly situated,

Case No.

Plaintiff,

vs.

**CARDINAL AUTISM SERVICES LLC** and
**CORNERSTONES AUTISM SERVICES
LLC**,

Defendants.

---

## COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, CHRISTOPHER FIELDS, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective/Class Action Complaint against Defendants, CARDINAL AUTISM SERVICES LLC and CORNERSTONES AUTISM SERVICES LLC, and states as follows:

## INTRODUCTION

1.      This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, CHRISTOPHER FIELDS, individually and on behalf of all similarly situated persons employed by Defendants, CARDINAL AUTISM SERVICES LLC and CORNERSTONES AUTISM SERVICES LLC, arising from Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, §§ 820 ILCS 105/1 *et. seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, §§ 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Biometric Information Privacy Act 740 ILCS 14/1 *et seq.* ("BIPA").

2.      Defendants are a leading provider of home-based Applied Behavior Analysis

("ABA") therapy services to children and teens with autism. Defendants employ Behavior Therapists ("BTs") and Registered Behavior Technicians ("RBTs") who travel to patients' homes and provide individualized treatment programs.

3.     Although Defendants share a corporate headquarters in Lincolnwood, Illinois, Defendant CARDINAL AUTISM SERVICES LLC operates in Colorado, Indiana, Florida, and Texas, while Defendant CORNERSTONES AUTISM SERVICES LLC operates in Illinois.

4.     Plaintiff and similarly situated employees worked as BTs and/or RBTs in in Colorado, Illinois, Indiana, Florida, and Texas.

5.     Counts I and II are brought under the FLSA, individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of all current and former BTs and/or RBTs who worked for either Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment. (the "FLSA Collective"), and seek relief for Defendants' failure to pay Plaintiff and the other FLSA Collective members minimum wages and/or overtime compensation for all hours worked.

6.     Counts III and IV are brought under the IMWL, individually and as a class action pursuant to Fed. R. Civ. P. 23, on behalf of all current and former BTs and/or RBTs who worked for Defendants in Illinois at any time within the applicable statutory period (the "Rule 23 Illinois Class"), and seek relief for Defendants' failure to pay Plaintiff and the other Rule 23 Illinois Class members minimum wages and/or overtime compensation for all hours worked.

7.     Counts V and VI are brought under the IWPCA, individually and as a class action pursuant to Fed. R. Civ. P. 23, on behalf of the Rule 23 Illinois Class, and seek relief for Defendants' failure to pay earned wages and/or reimburse work-related expenses.

8.     Count VII is brought under the BIPA, individually and as a class action pursuant

2

to Fed. R. Civ. P. 23, on behalf of the Rule 23 Illinois Class, and seeks relief for Defendants' unauthorized collection of fingerprints.

9.    Count VIII is brought individually under the anti-retaliation provisions of the FLSA and IWPCA, and seeks relief for Defendants' termination of Plaintiff's employment in retaliation for his complaints about Defendants' violations of the FLSA, IMWL, and IWPCA.

## JURISDICTION AND VENUE

10.    This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

11.    Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

12.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise under the same facts as his federal claims.

13.    This court has personal jurisdiction over Defendants because their headquarters are located within this district, in Lincolnwood, Illinois.

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this district, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

15.    Plaintiff is a resident of Pasco County, Florida, and was employed by Defendants in Southern Illinois as a BT from July 2019 to November 2019, and as an RBT from November 2019 to December 2019. Plaintiff signed a consent form to join this lawsuit, which is attached hereto as Exhibit 1.

16.     Defendant CARDINAL AUTISM SERVICES LLC is a Florida limited liability company whose principal address is 7360 North Lincoln, Suite 110, Lincolnwood, Illinois 60712, and whose registered agent for service of process is Cogency Global, Inc., 115 N. Calhoun St., Suite 4, Tallahassee, Florida 32301.

17.     Defendant CORNERSTONES AUTISM SERVICES LLC is an Illinois limited liability company whose principal address is 7360 North Lincoln, Suite 110, Lincolnwood, Illinois 60712, and whose registered agent for service of process is Shmuel Weinberger, 7360 North Lincoln, Suite 110, Lincolnwood, Illinois 60712.

## GENERAL ALLEGATIONS

18.     Defendants employed Behavior Therapists and Registered Behavior Technicians to provide home-based ABA therapy services to Defendants' clients.

19.     Defendants paid BTs and RBTs on an hourly basis and did not provide them with any guaranteed, predetermined amount of pay per week.

20.      BTs and RBTs s regularly worked over forty (40) hours in a workweek.

21.     Defendants required BTs and RBTs to use a mobile application called "Rethink" to enter notes from sessions with Defendants' clients and to record their time for payroll purposes.

22.     Defendants required BTs and RBTs to scan their fingerprints on their mobile devices in order to access Rethink and "Paylocity," an online database through which Defendant provided their pay information.

23.     Defendants did not obtain prior consent from BTs and RBTs to the collection of their fingerprints.

24.     Defendants had an agreement with BTs and RBTs to pay them at their agreed-upon hourly rates for all hours worked.

25.     Defendants had an agreement with BTs and RBTs to also pay them an additional hour of pay for each instance in which they arrived at a session that had been cancelled by a client. In these instances, BTs and RBTs were required to wait fifteen (15) minutes for the client to appear before leaving the session location.

26.     Defendants only permitted BTs and RBTs to report time spent on clients' sessions into Rethink, notwithstanding the fact that they performed additional work including travelling between clients' homes and/or other locations at which sessions took place and performing work outside of their scheduled client sessions, such as completing paperwork, preparing lesson plans, coordinating session times, purchasing supplies, and meeting with managers.

27.     Defendants failed to pay BTs and RBTs for all hours worked, including:

a.  Time spent recruiting colleagues and acquaintances to work as BTs and RBTs;

b.  Time spent training;

c.  Time spent in sessions with clients that was not paid due to technical glitches with Rethink;

d.  Time spent travelling between clients' homes and/or other locations at which sessions took place;

e.  Time spent waiting for clients to appear at sessions that were cancelled; and

f.  Time spent performing work outside of their scheduled client sessions.

28.     In many weeks, the unpaid work BTs and RBTs performed caused their pay for the week to average out to less than $7.25 per hour.

29.     In many weeks, the unpaid work BTs and RBTs performed was in excess of forty (40) hours in a workweek.

30.     Defendants failed to reimburse BTs and RBTs for reasonable expenditures or losses

required of the employees in the discharge of employment duties and that inured to the primary benefit of Defendants, including:

    a.  Driving their personal vehicles between work locations (except that Defendants did reimburse BTs and RBTs for some trips between non-training sessions so long as neither session was cancelled and the BTs and RBTs drove the route proscribed by Defendants);

    b.  Use of their personal mobile devices to communicate with Defendants' management, staff, and clients, and access Rethink; and

    c.  Supplies needed for BTs' and RBTs' home offices and for sessions with clients.

31.    Defendants were aware of, or alternatively, recklessly indifferent to the possibility that they were failing to pay BTs and RBTs for all hours worked, and that such failure was a violation of the FLSA, IMWL, and IWPCA.

32.    Defendants were aware of, or alternatively, recklessly indifferent to the possibility that they were failing to reimburse BTs and RBTs for reasonable expenditures or losses required of the employees in the discharge of employment duties and that inured to the primary benefit of Defendants., and that such failure was a violation of the FLSA, IMWL, and IWPCA.

33.    Over the course of late November to Early December 2019, Plaintiff made a series of complaints to Defendants' management regarding Defendants failure to pay him for all hours worked and failure to reimburse him for work-related expenses, in violation of the FLSA, IMWL, and IWPCA.

34.    On or about December 8, 2019, Defendants terminated Plaintiff's employment.

35.    The complaints Plaintiff made over the course of late November to Early December 2019 to Defendants' management regarding Defendants failure to pay him for all hours worked

and failure to reimburse him for work-related expenses were a substantial factor in Defendants'
decision to terminate his employment.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own
behalf and on behalf of:

> *All current and former Behavior Therapists and/or Registered Behavior
> Technicians who worked for either Defendant in the United States at any time
> within the three years preceding the commencement of this action and the date of
> judgment.*

(hereinafter referred to as the "FLSA Collective").    Plaintiff reserves the right to amend this
definition as necessary.

37.     Excluded from the FLSA Collective are Defendants' executives, administrative and
professional employees, including computer professionals and outside sales persons.

38.     With respect to the claims set forth in this action, a collective action under the FLSA
is appropriate because the members of the FLSA Collective are "similarly situated" to Plaintiff
under 29 U.S.C. § 216(b) because (a) they have been or are employed in the same or similar
positions; (b) they were or are subject to the same or similar unlawful practice, policy, or plan; and
(c) their claims are based upon the same factual and legal theories.

39.     The employment relationships between Defendants and every FLSA Collective
member are the same and differ only in name, location, and rate of pay. The key issues – whether
Defendants knowingly failed to pay minimum wages and/or overtime compensation for all hours
worked – do not vary substantially from Collective member to Collective member.

40.     Plaintiff estimates that the FLSA Collective, including both current and former
employees over the relevant period, will include hundreds of members. The precise number of
Collective members should be readily available from a review of Defendants' personnel and

payroll records.

## RULE 23 ILLINOIS CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own

behalf and on behalf of:

> *All current and former Behavior Therapists and/or Registered Behavior Technicians who worked for Defendants in Illinois at any time within the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Illinois Class").   Plaintiff reserves the right to amend this

definition as necessary.

42.     The members of the Rule 23 Illinois Class are so numerous that joinder of all Rule

23 Illinois Class members in this case would be impractical.   Plaintiff reasonably estimates that

there are hundreds of Rule 23 Illinois Class members.   Rule 23 Illinois Class members should be

easy to identify from Defendants' computer systems and electronic payroll and personnel records.

43.     There is a well-defined community of interest among Rule 23 Illinois Class

members and common questions of law and fact predominate in this action over any questions

affecting individual members of the Rule 23 Illinois Class.   These common legal and factual

questions include, but are not limited to, the following:

a.   Whether Defendants knowingly failed to pay minimum wages and/or overtime compensation for all hours worked;

b.   Whether Defendants knowingly failed to pay earned wages and/or reimburse work-related expenses; and

c.   Whether Defendants collected biometric identifiers without authorization.

44.     Plaintiff's claims are typical of those of the Rule 23 Illinois Class in that he and all

other Rule 23 Illinois Class members suffered damages as a direct and proximate result of the

Defendants' common and systemic payroll policies and practices.   Plaintiff's claims arise from

the same policies, practices, promises and course of conduct as all other Rule 23 Illinois Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Illinois Class members.

45.     Plaintiff will fully and adequately protect the interests of the Rule 23 Illinois Class and he has retained counsel who are qualified and experienced in the prosecution of Illinois wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Illinois Class.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Illinois Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

47.     This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant and its corporate clients all have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

48.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

49.     Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Illinois Class and declaratory relief is appropriate in this case with respect to the Rule 23

Illinois Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**(Brought Individually and on Behalf of the FLSA Collective Pursuant to 29 U.S.C. § 216(b))**
**FAILURE TO PAY MINIMUM WAGES**
**29 U.S.C. § 206**

50.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

51.     29 U.S.C. § 206(a) provides:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages [of $7.25 per hour].

52.     29 C.F.R. § 531.35 provides:

> "Free and clear" payment; "kickbacks."
> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. See also in this connection, § 531.32(c).

53.     At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the FLSA Collective within the meaning of the FLSA, 29 U.S.C. § 203.

54.     Defendants are an enterprise whose annual gross volume of sales made or business

done exceeds $500,000.

55.     Defendants are an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

56.     Defendants failed to pay Plaintiff and other putative FLSA Collective members for all hours worked.

57.     Defendants failed to reimburse Plaintiff and other putative FLSA Collective members for reasonable expenditures or losses required of the employees in the discharge of employment duties and that inured to the primary benefit of Defendants.

58.     Defendants willfully violated the FLSA minimum wage requirement by paying Plaintiff and other putative FLSA Collective members weekly net compensation (i.e. gross pay minus expenses and deductions) that averaged out to less than $7.25 per hour.

59.     As a result of Defendants' willful and unlawful conduct, Plaintiff and other putative FLSA Collective members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wage compensation wages for all hours worked.

60.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and other putative FLSA Collective members, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

61.     Pursuant to 29 U.S.C. §§ 206 and 216(b), Plaintiff and other putative FLSA Collective members are entitled to recover the full amount of unpaid minimum wage compensation, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

62.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year state of limitations applies to such violations.

**COUNT II**
**(Brought Individually and on Behalf of the FLSA Collective Pursuant to 29 U.S.C. § 216(b))**
**FAILURE TO PAY OVERTIME**
**29 U.S.C. § 207((a)(1)**

63.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

64.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

65.     Plaintiff and other putative FLSA Collective members regularly worked over forty (40) hours in a workweek.

66.      Defendants failed to pay Plaintiff and other putative FLSA Collective members for all hours worked in excess of forty (40) hours in a workweek.

67.      Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Plaintiff and other putative FLSA Collective members are entitled to recover the full amount of unpaid overtime compensation, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

68.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Because Defendants willfully violated the FLSA, a three-year state of limitations applies to such violations.

**COUNT III**
**(Brought Individually and on Behalf of the Rule 23 Illinois Class to Fed. R. Civ. P. 23)**
**FAILURE TO PAY MINIMUM WAGE**
**§ 820 ILCS 105/4**

69.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

70.     The IMWL provides that "from July 1, 2010 through December 31, 2019 every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $8.25 per hour." § 820 ILCS 105/4(a)(1).

71.     At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the Rule 23 Illinois Class within the meaning of the IMWL, § 820 ILCS 105/3.

72.     Defendants failed to pay Plaintiff and other putative Rule 23 Illinois Class members for all hours worked.

73.     Defendants failed to reimburse Plaintiff and other putative Rule 23 Illinois Class members for reasonable expenditures or losses required of the employees in the discharge of employment duties and that inured to the primary benefit of Defendants.

74.     Defendants willfully violated the IMWL minimum wage requirement by paying Plaintiff and other putative Rule 23 Illinois Class members weekly net compensation (i.e. gross pay minus expenses and deductions) that averaged out to less than $8.25 per hour.

75.     Pursuant to §§ 820 ILCS 105/4 and 820 ILCS 105/12, Plaintiff and other putative Rule 23 Illinois Class members are entitled to recover the full amount of unpaid minimum wage compensation, statutory penalties, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

**COUNT IV**
**(Brought Individually and on Behalf of the Rule 23 Illinois Class to Fed. R. Civ. P. 23)**
**FAILURE TO PAY OVERTIME**

**§ 820 ILCS 105/4a**

76.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

77.     At all times relevant to the action, Defendants were an employer covered by the mandates of the Illinois Minimum Wage Law, and Plaintiff and the Rule 23 Illinois Class were employees entitled to the IMWL's protections.

78.     The IMWL requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay of hours worked in excess of forty (40) per week. *See* § 820 ILCS 105/4a.

79.     Plaintiff and other putative Rule 23 Illinois Class members regularly worked over forty (40) hours in a workweek.

80.      Defendants failed to pay Plaintiff and other putative Rule 23 Illinois Class members for all hours worked in excess of forty (40) hours in a workweek.

81.     Pursuant to §§ 820 ILCS 105/4a and 820 ILCS 105/12, Plaintiff and other putative Rule 23 Illinois Class members are entitled to recover the full amount of unpaid overtime compensation, statutory penalties, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

**COUNT V**
**(Brought Individually and on Behalf of the Rule 23 Illinois Class to Fed. R. Civ. P. 23)**
**FAILURE TO PAY EARNED WAGES**
**§ 820 ILCS 115/4**

82.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

83.     At all times relevant to the action, Defendants were an employer covered by the mandates of the IWPCA, and Plaintiff and the Rule 23 Illinois Class were employees entitled to the

IWPCA's protections.

84.     The IWPCA requires that "[a]ll wages earned by any employee … shall be paid." 820 ILCS 115/4.

85.     Defendants had an agreement with Plaintiff and other putative Rule 23 Illinois Class members to pay them at their agreed-upon hourly rates for all hours worked.

86.     Defendants failed to pay Plaintiff and other putative Rule 23 Illinois Class members their agreed-upon hourly rates for all hours worked.

87.     Defendants had an agreement with Plaintiff and other putative Rule 23 Illinois Class members to also pay them an additional hour of pay for each instance in which they arrived at a session that had been cancelled by a client.

88.     Defendants failed to pay Plaintiff and other putative Rule 23 Illinois Class members an additional hour of pay for each instance in which they arrived at a session that had been cancelled by a client.

89.     Defendants failed to pay Plaintiff paid time off he had accumulated as of the termination of his employment.

90.     Pursuant to §§ § 820 ILCS 115/4 and 820 ILCS 115/14, Plaintiff and other putative Rule 23 Illinois Class members are entitled to recover the full amount of unpaid earned wages, statutory penalties, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

**COUNT VI**
**(Brought Individually and on Behalf of the Rule 23 Illinois Class to Fed. R. Civ. P. 23)**
**<u>FAILURE TO REIMBURSE EXPENSES</u>**
**<u>§ 820 ILCS 115/9.5</u>**

91.     Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

92. The IWPCA requires an employer to "reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." § 820 ILCS 115/9.5(a).

93. The IWPCA defines "necessary expenditures" as "all reasonable expenditures or losses required of the employee in the discharge of employment duties and that inure to the primary benefit of the employer." *Id.*

94. Defendants failed to reimburse Plaintiff and other putative Rule 23 Illinois Class members for reasonable expenditures or losses required of the employees in the discharge of employment duties and that inured to the primary benefit of Defendants.

95. Pursuant to §§ § 820 ILCS 115/4 and 820 ILCS 115/14, Plaintiff and other putative Rule 23 Illinois Class members are entitled to reimbursement for all such expenditures, statutory penalties, liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

**COUNT VII**
**(Brought Individually and on Behalf of the Rule 23 Illinois Class to Fed. R. Civ. P. 23)**
**UNAUTHORIZED COLLECTION OF BIOMETRIC IDENTIFIERS**
**§ 740 ILCS 14/15**

96. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

97. BIPA imposes certain restrictions on how private entities like Defendants collect, retain, use, disclose, and destroy "biometric identifiers" and "biometric information." *See generally* 740 ILCS 14/1 *et seq.*

98. BIPA defines "biometric identifier" as including an individual's fingerprints. 740 ILCS 14/10.

99. BIPA mandates that before obtaining an individual's fingerprint, a private entity must inform the individual in writing about several things, such as the fact that his/her biometric

identifier is being collected, the specific purpose of collecting or using the biometric identifier, and the length of time for which the biometric identifier will be collected, stored, and used. 740 ILCS 14/15(b).

100.    The entity must also obtain a signed "written release" from an individual before collecting his/her biometric identifier, *see id.*; in the employment context, BIPA specifically defines "written release" as "a release executed by an employee as a condition of employment." 740 ILCS 14/10.

101.    Finally, a private entity in possession of biometric identifiers must make publicly available a "retention schedule and guidelines" it uses for permanently destroying biometric identifiers it has collected after a certain time period. 740 ILCS 14/15(a).

102.    Defendants required Plaintiff and other putative Rule 23 Illinois Class members to scan their fingerprints on their mobile devices in order to access Rethink and Paylocity.

103.    Defendants failed to inform Plaintiff and other putative Rule 23 Illinois Class members in writing of the specific purpose and length of time for which their fingerprints were being collected and used.

104.    Defendants failed to obtain a written release from Plaintiff and other putative Rule 23 Illinois Class members before collecting their fingerprints.

105.    Defendants failed to provide a publicly available retention schedule and guidelines for permanently deleting Plaintiff's and other putative Rule 23 Illinois Class members' fingerprints.

106.    Defendants knew or should have known of the requirements of the BIPA.

107.    As a result, Defendants' violations of BIPA were reckless or, in the alternative, negligent.

108.    Plaintiff and other putative Rule 23 Illinois Class members were injured by

Defendants' interference with their right to control his biometric data, denial of compensation for the retention and use of their biometric identifier, and failure to provide them information regarding their biometric data to which they are entitled under the BIPA.

109. Pursuant to § 740 ILCS 14/20, Plaintiff and other putative Rule 23 Illinois Class members are entitled to recover the full amount of liquidated damages, interest thereon, reasonable attorneys' fees and costs of suit.

**COUNT VIII**
**(Brought Individually)**
**RETALIATION**
**29 U.S.C. § 215(a)(3); 820 ILCS 115/14**

110. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

111. Section 215 of the FLSA provides in relevant part:

> (a) … [I]t shall be unlawful for any person—
> …
> (3)   to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act …, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

112. § 820 ILCS 115/14(c) of the IWPCA provides that "[a]n employee who has been unlawfully retaliated against shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, all legal and equitable relief as may be appropriate." Further, "In a civil action, such employee shall also recover costs and all reasonable attorney's fees." *Id.*

113. Over the course of late November to Early December 2019, Plaintiff made a series of complaints to Defendants' management regarding Defendants failure to pay him for all hours worked and failure to reimburse him for work-related expenses, in violation of the FLSA, IMWL,

and IWPCA.

114.     On or about December 8, 2019, Defendants terminated Plaintiff's employment.

115.     The complaints Plaintiff made over the course of late November to Early December 2019 to Defendants' management regarding Defendants failure to pay him for all hours worked and failure to reimburse him for work-related expenses were a substantial factor in Defendants' decision to terminate his employment.

116.     As a result of the foregoing, Plaintiff is entitled to recovery of compensatory, liquidated damages, punitive damages costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, CHRISTOPHER FIELDS, requests the following relief:

a.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I-II);

b.     Certifying this action as a class action (for the Rule 23 Illinois Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claims (Counts III-VII);

c.     Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action Class members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d.     Designating Plaintiff as the representative of the FLSA collective action Class and the Rule 23 Illinois Class, and undersigned counsel as Class counsel for the same;

e.     Declaring that Defendants willfully violated the FLSA, IMWL, IWPCA, and BIPA;

f.     Granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and the collective action Class and the Rule 23 Illinois Class, the full amount of damages, liquidated damages, and statutory penalties available by law;

g.     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

h.      Awarding pre- and post-judgment interest to Plaintiff on these damages; and

i.      Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, CHRISTOPHER FIELDS, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated:   February 21, 2020

/s Jason T. Brown
Jason T. Brown (IL Bar No. 6318697)
Nicholas Conlon (will *pro hac vice*)
BROWN, LLC
500 N. Michigan Ave., Suite 600
Chicago, Illinois 60611
Phone: (877) 561-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com