**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER FIELDS, individually, and on behalf of others similarly situated, | ) ) | |
| | ) | Case No. 1:20-cv-01277 |
| Plaintiff, | ) ) | |
| | ) | Hon. Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| CARDINAL AUTISM SERVICES LLC and CORNERSTONES AUTISM SERVICES LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER APPROVING SETTLEMENT AND ATTORNEYS' FEES AND COSTS**

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion to Certify a Collective Action Under Section 216(b) of the FLSA Solely for Settlement Purposes, for Approval of an Opt-In Settlement, for Appointment of Settlement Administrator; and For Approval of Awards of Attorneys' Fees and Costs ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the supporting Memorandum of Law in Support of the Motion for Settlement Approval (the "Memorandum"), the Declaration of Nicholas Conlon ("Conlon Decl.") and the supporting exhibits, the Court hereby finds as follows:

**The Settlement Agreement is Approved**

1. The Court approves and incorporates by reference all of the definitions contained in the Joint Stipulation of Settlement ("Settlement Agreement").

2. The Court certifies the Settlement Class, for purposes of the Settlement, and concludes that "step one" collective action certification for settlement purposes is warranted under 29 U.S.C. § 216(b).

3. Under 29 U.S.C. § 201 *et seq.*, the proposed settlement is within the range of fairness, reasonableness, and adequacy for the Settlement Class, and in full compliance with all

requirements of due process and federal law. The Settlement Agreement is approved with regard to the Settlement Class in all respects and its terms and provisions shall be consummated.

4.        Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See, e.g.*, *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Murphy v. Diversified Rest.t Holdings, Inc.,* No. 14-cv-3653, ECF No. 124, Order Approving Settlement and Dismissing Action, ¶ 1 (N.D. Ill. Oct. 1, 2015); *see also Butler v. Am. Cable & Tel., LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *8-9 (N.D. Ill. Oct. 6, 2011). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354; *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *2 (N.D. Ind. Sept. 25, 2014). "It is a well settled principle that the law generally encourages settlements." *Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979).

5.         Here, the settlement meets the standard for approval. The settlement was the result of contested litigation. Defendant denied that it violated the FLSA by failing to pay BTs and RBTs for all compensable work hours, and the settlement was the result of arm's-length negotiations conducted over the course of two settlement conferences. Recognizing the uncertain legal and factual issues involved, the parties reached their settlement after Defendant produced and the Parties' reviewed comprehensive data regarding the number of BTs and RBTs they employed and their employment dates and work hours. At all times during the settlement negotiation process, negotiations were conducted at arm's length.

6.        The Court approves the Settlement Payments to be made to members of the Settlement Class pursuant to the terms and plan of the Settlement Agreement.

**Fees and Costs of the Settlement Administrator and Attorneys Are Approved**

7.       The Court approves Plaintiff's request for the Settlement Administrator's fees and costs of up to $7,000 to Simpluris, Inc.

8.       The Court grants Plaintiff's Counsel's request for one-third of the settlement in attorneys' fees.

9.       Plaintiff's Counsel's request for reimbursement of up to $1,049.65 in actual out-of-pocket expenses incurred in prosecuting this case, including costs for filing and service fees, and postage is granted. The Court finds these costs to be reasonably incurred.

10.       Except as otherwise provided in the Settlement Agreement, the Parties are to bear their own attorneys' fees and costs.

11.       This Court bars and permanently enjoins the members of the Settlement Class who endorse and cash their Settlement Payments from filing or prosecuting any action or proceeding, whether class or individual, against any of the Released Parties for liability based on the Released Claims.

12.       The Court will retain jurisdiction over this action solely for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of settlement funds. The Parties shall execute and file a Stipulation of Voluntary Dismissal with Prejudice dismissing the Action with prejudice within 7 days after the Check Cashing Deadline lapses.

     The Parties shall abide by all terms of the Settlement Agreement, which are
     incorporated herein, and this Order.

SO ORDERED.                     ENTERED:   January 11, 2021

_M. David Weisman_
**M. David Weisman**
**United States Magistrate Judge**

3